**CONSUMER JUSTICE LAW FIRM PLC**

Beth K. Findsen, AZ No. 023205
8095 N. 85th Way,
Scottsdale, AZ 85258
T: 602-807-6676
F: 480-613-7733
E: bfindsen@consumerjustice.com

David A. Chami, 027585
8095 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (480) 613-7733
E: dchami@consumerjustice.com

*Attorneys for Plaintiff*
*Wesley Bullard*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesley Bullard, | Case No.: 2:25-cv-04825-SHD |
| Plaintiff, | District Judge: Sharad H. Desai |
| v. | |
| Goldman Sachs Bank USA, | **RULE 26(f) JOINT CASE MANAGEMENT REPORT** |
| Defendants. | |

Plaintiff Wesley Bullard ("Plaintiff") and Defendant Goldman Sachs Bank USA ("Defendants"), collectively referred to as "the Parties," hereby submit the following Rule 26(f) Joint Case Management Report:

1. **The Parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;**

1

Beth K. Findsen and on behalf of Plaintiff Wesley Bullard

Jason Lipkin and Catherine North Hounfodji on behalf of Defendant Goldman Sachs Bank USA ("Goldman Sachs")

2.  **A list of all parties in the case, including any parent corporations or entities (for recusal purposes), except for those entities which were already listed on the relevant party's corporate disclosure statement;**

Plaintiff Wesley Bullard

Defendant Goldman Sachs Bank USA

3.  **For any parties that have not been served, an explanation of why they have not been served, and a list of any parties that have been served but have not answered or otherwise appeared;**

All parties have been duly served.

4.  **A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;**

The Parties do not anticipate adding parties to the case or otherwise amending the pleadings but reserve the right to do so on or before August 6, 2026, under relevant rules under this Court.

5.  **The names of any parties not subject to the Court's personal (or in rem) jurisdiction;**

None.

6.  **A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of**

DB2/ 652651332.1

**citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. See 28 U.S.C. §1332;**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. **A short statement of the nature of the case, setting forth the factual and legal basis of the claims and defenses (no more than one page per side);**

**Plaintiff:** Plaintiff's claims arise out of the Credit Bureau Defendants' blatantly inaccurate credit reporting, wherein the Credit Bureau Defendants reported to Plaintiff's potential creditors that Plaintiff had failed to make timely payments on his Goldman Sachs Apple Card account during two or more months in the past four years. Accordingly, Plaintiff brings claims against the Credit Bureau Defendants for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b), and failing to conduct a reasonable reinvestigation to determine whether information Plaintiff disputed was inaccurate and record the current status of the disputed information, or delete the disputed information from Plaintiffs credit file, in violation of the FCRA, 15 U.S.C. § 1681i. Plaintiff also brings a claim against Defendant Goldman Sachs for failing to fully and properly reinvestigate Plaintiff's disputes and review all relevant information provided by Plaintiff and the Credit Bureau Defendants, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1). As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendants for their willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., as described herein.

**Defendant Goldman Sachs:** Goldman Sachs asserts that it did not furnish any incomplete, inaccurate or misleading information, reasonably investigated any disputes, and did not cause Plaintiff any damages.

8. **A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of the claim or defense that the party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);**

**Plaintiff:**

**Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b) against Defendant Goldman Sachs**

- Defendant Goldman Sachs furnished the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax and Trans Union.
- Defendant Goldman Sachs violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute, or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax and Trans Union; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax and Trans Union.

**Defendant Goldman Sachs:** Plaintiff alleges that Goldman Sachs reported inaccurate information regarding Plaintiff and violated 15 U.S.C. § 1681s-2(b) by failing

to properly investigate Plaintiff's dispute. In order to establish a valid claim, a Plaintiff must first make a prima facie showing that there was an inaccuracy in the credit report. *Sanchez v. J.P. Morgan Bank, N.A.*, 643 F.Supp.3d 1025, 1033 (D. Ariz. 2022). If Plaintiff meets this burden, then it must show that the investigation was unreasonable. *Id*. Not every misstatement constitutes an inaccuracy. Credit entries are only inaccurate or incomplete only when they are patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. See, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

Plaintiff will not be able to establish that the credit reporting was inaccurate or incomplete and thus cannot sustain a claim for violation of the FCRA as against Goldman Sachs. Even if Plaintiff could somehow establish that there was a mistake or error in the reporting, which is specifically denied herein, Goldman Sachs conducted a reasonable investigation into the dispute and did not cause Plaintiff any damages.

9. **A list of contemplated motions and a statement of the anticipated issues to be decided by those motions;**

    **Plaintiff:** Plaintiff may file a partial motion for summary judgment based on information learned during discovery. Plaintiff reserves the right to file all appropriate motions, including, but not limited to motions in *limine.*

    **Defendant Goldman Sachs:** Goldman Sachs reserves the right to file all appropriate motions, including a dispositive motion and motions in limine.

10. **Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;**

The Parties do not consent to a reassignment to a United States Magistrate Judge for all purposes or find suitable reasons for referral for a Settlement Conference to a Unites Stated Magistrate Judge.

**11. The status of any related cases pending before this or other courts;**

*Wesley Bullard v. Experian Information Solutions, Inc.*, Case No. 2:25-cv-04826-DJH, District of Arizona

**12. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the Parties' preservation of ESI and the form or forms in which it will be produced;**

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

The Parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The Parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production

pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the Parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

13. **A discussion of any issues relating to claims of privilege or work product;**

The Parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

14. **A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:**

**a. The extent, nature, and location of discovery anticipated by the Parties and why it is proportional to the needs of the case;**

  **Plaintiff:** Plaintiff anticipates conducting discovery on the following subjects:

  1) The circumstances surrounding Defendant's collection, verification, furnishing and/or reporting of the credit information at issue in this case;

  2) Defendant's policies and procedures utilized for conducting an investigation and making appropriate corrections in response to a dispute from the consumer as forwarded by the consumer reporting agency in compliance with 15 U.S.C. § 1681s2-(b)), as applicable;

  3) Defendant's policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendant is meant to conduct a reasonable investigation of the information disputed by a consumer, as applicable;

  4) The actual actions taken by Defendant in response to its receipt of Plaintiff's dispute(s);

  5) Defendant's dispute and investigation process;

  6) Defendant's process for corrections, deletions, and/or validation of a disputed furnisher account;

  7) Defendant's maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

  8) Third party discovery necessary to establish causation and damages.

  **Defendant Goldman Sachs:** Goldman Sachs anticipates seeking written discovery and deposition testimony on Plaintiff's contacts, contracts, and correspondence with Goldman Sachs and the Credit Reporting Agencies ("CRAs").

DB2/ 652651332.1

8

Goldman Sachs will also seek written discovery and deposition testimony regarding Plaintiff's alleged damages.  Goldman Sachs anticipates the deposition of Plaintiff, any designated experts, and any relevant third-party witnesses.

    b.  **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

The Parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

    c.  **The number of hours permitted for each deposition. The Parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;**

The Parties anticipate Plaintiff and Defendant's depositions lasting up to seven hours each. The Parties anticipate each third-party deposition to last approximately 3-4 hours. The Parties do not believe limits should be implemented for each side.

15. **Proposed deadlines for each of the following events. In proposing deadlines, the Parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the Court will**

DB2/ 652651332.1

vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years (calculated from the date the initial complaint is filed) must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The Parties must propose the following:

a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

**January 7, 2027**

b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

    i. Expert Disclosures: **February 22, 2027**

    ii. Rebuttal Disclosures: **March 12, 2027**

c. A deadline for completion of all expert depositions;

**April 12, 2027**

d. A date by which any Rule 35 physical or mental examination will be conducted if such an examination is required by any issues in the case;

N/A

    e.   **A deadline for filing dispositive motions;**

          <u>**May 17, 2027**</u>

    f.   **Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the Parties are available for a Markman (patent claim construction) hearing; and**

          Not applicable.

    g.   **A date by which the Parties shall have engaged in face-to-face good-faith settlement talks;**

          <u>**March 19, 2027**</u>

16. **Whether a jury trial has been requested and whether the request for a jury trial is contested, setting forth the reasons if the request is contested;**

    Plaintiff requested a jury trial in her Complaint (Docket 1).

17. **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1; and**

    <u>**Electronic Service:**</u> The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Address(es) |
|---|---|
| Plaintiff Wesley Bullard | Beth K. Findsen<br>bfindsen@consumerjustice.com<br>David A. Chami<br>dchami@consumerjustice.com<br>Marie Tirona<br>mtirona@consumerjustice.com |
| Defendant Goldman Sachs Bank USA | Jason Lipkin<br>(Jason.lipkin@morganlewis.com)<br>Catherine North Hounfodji<br>(catherine.hounfodji@morganlewis.com) |

**Protective Order:** The Parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The Parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

18. **A statement indicating whether the Parties would prefer that the Court hold a Case Management Conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.**

**Plaintiff:** Plaintiff does not believe a Case Management Conference is necessary.

**Defendant Goldman Sachs:** Goldman Sachs does not believe a Case Management Conference is necessary.

Respectfully Submitted this 10th day of June 2026.

//

DB2/ 652651332.1

12

CONSUMER JUSTICE LAW FIRM PLC

By: */s/ Beth K. Findsen*
Beth K. Findsen, AZ No. 023205
8095 N. 85th Way,
Scottsdale, AZ 85258
T: 602-807-6676
F: 480-613-7733
E: bfindsen@consumerjustice.com

David A. Chami, 027585
8095 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (480) 613-7733
E: dchami@consumerjustice.com

*Attorneys for Plaintiff*
*Wesley Bullard*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Catherine N. Hounfodji*
CATHERINE N. HOUNFODJI
SBN 027389
catherine.hounfodji@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel: +1.713.890.5000
Fax: +1.713.890.5001

*Counsel for Defendant*
*Goldman Sachs Bank USA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM PLC**

By: */s/ Marie Tirona*